

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

November 1, 2004

The Honorable Helen Giddings
Chair, Committee on Business and Industry
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0267

Re: Whether, under section 54.012(5) of the Local Government Code, a municipality may enact an ordinance prescribing civil penalties for matters that do not relate to the substantive provisions of section 54.012 (RQ-0220-GA)

Dear Representative Giddings:

You ask whether, under section 54.012(5) of the Local Government Code, a municipality may enact an ordinance prescribing civil penalties for matters that do not relate to the substantive provisions of section 54.012.[1]

Chapter 54 of the Local Government Code, entitled "Enforcement of Municipal Ordinances," is divided into three subchapters. Subchapter A describes the general enforcement authority of Texas municipalities and imposes a general limit of $500 for a "fine or penalty for the violation of a rule, ordinance, or police regulation." TEX. LOC. GOV'T CODE ANN. § 54.001(a)-(b) (Vernon 1999). Violations of rules, ordinances, or regulations governing "fire safety, zoning, or public health and sanitation," however, may be punished by a fine or penalty not to exceed $2,000. *Id.* § 54.001(b).

Subchapter B of chapter 54 is denominated "Municipal Health and Safety Ordinances." Section 54.012 provides:

> A municipality may bring a civil action for the enforcement of an ordinance:
>
> (1) for the preservation of public safety, relating to the materials or methods used to construct a building or other structure or improvement, including the foundation, structural elements, electrical wiring or apparatus, plumbing and fixtures, entrances, or exits;

---

[1]*See* Letter from Honorable Helen Giddings, Chair, Committee on Business and Industry, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (May 7, 2004) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

(2) relating to the preservation of public health or to the fire safety of a building or other structure or improvement, including provisions relating to materials, types of construction or design, interior configuration, illumination, warning devices, sprinklers or other fire suppression devices, availability of water supply for extinguishing fires, or location, design, or width of entrances or exits;

(3) for zoning that provides for the use of land or classifies a parcel of land according to the municipality's district classification scheme;

(4) establishing criteria for land subdivision or construction of buildings, including provisions relating to street width and design, lot size, building width or elevation, setback requirements, or utility service specifications or requirements;

(5) *implementing civil penalties under this subchapter for conduct classified by statute as a class C misdemeanor*;

(6) relating to dangerously damaged or deteriorated structures or improvements;

(7) relating to conditions caused by accumulations of refuse, vegetation, or other matter that creates breeding and living places for insects and rodents;

(8) relating to the interior configuration, design, illumination, or visibility of business premises exhibiting for viewing by customers while on the premises live or mechanically or electronically displayed entertainment intended to provide sexual stimulation or sexual gratification; or

(9) relating to point source effluent limitations or the discharge of a pollutant, other than from a non-point source, into a sewer system, including a sanitary or storm water sewer system, owned or controlled by the municipality.

*Id.* § 54.012 (emphasis added). You inquire as to whether item five in section 54.012 is a "stand alone" provision authorizing the imposition of civil penalties for *any* class C misdemeanor, or whether authority for a civil penalty under chapter 54 is restricted to the specific subject matter listed in items one through four and items six through nine of section 54.012.[2]

---

[2]The predecessor statute of section 54.012 was adopted first in 1985. *See* Act of May 9, 1985, 69th Leg., R.S., ch. 178, 1985 Tex. Gen. Laws 737, 737-79. Only the first six items in the present section 54.012, with minor

(continued...)

We note initially that the provision in question is limited to the implementation of "civil penalties *under this subchapter*." As the Texas Supreme Court has declared, "it is cardinal law in Texas that a court construes a statute, 'first, by looking to the plain and common meaning of the statute's words.' If the meaning of the statutory language is unambiguous, we adopt, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms. Further, if a statute is unambiguous, rules of construction or other extrinsic aids cannot be used to create ambiguity." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999). The phrase "under this subchapter" is clear and unambiguous. Thus, we need look only to the provisions of subchapter B for the correct explication of item five of section 54.012.

As we have noted, subchapter B is denominated "Municipal Health and Safety Ordinances." The individual sections of subchapter B all relate to health and safety matters. Not only do items one through four and six through nine of section 54.012 refer exclusively to health and safety matters, other provisions within subchapter B do likewise. Section 54.015, for example, requires that a municipality in a civil action plead "the identification of the real property involved in the violation," as well as "the relationship of the defendant to the real property or activity involved in the violation." TEX. LOC. GOV'T CODE ANN. § 54.015(a)(1)-(2) (Vernon 1999). Section 54.016 requires that a prayer for injunctive relief demonstrate "substantial danger of injury or an adverse health impact to any person or to the property of any person other than the defendant." *Id.* § 54.016(a). The injunction may obtain only "against the owner or owner's representative with control over the premises." *Id.* Finally, section 54.017 authorizes a civil penalty "against the owner or the owner's representative with control over the premises." *Id.* § 54.017(a).

When section 54.012 is read in the context of subchapter B of chapter 54 of the Local Government Code, it becomes apparent that the "civil penalty" authorized by item five of section 54.012 is limited to matters that relate to "municipal health and safety" that are encompassed within subchapter B. Item five specifically refers to implementation of "civil penalties *under* this subchapter." *Id.* § 54.012(5) (emphasis added).

You also ask whether, if a municipality has enacted such an ordinance, it may bring a civil action "to enforce [the ordinance] which provides for civil penalties if the ordinance enacts the civil penalty provision pursuant to sections 54.012 (5) and 54.017 of the Texas Local Government Code." Request Letter, *supra* note 1. Our answer here is simply a corollary to our answer to your first question: any such civil action must be encompassed within the ambit of subchapter B.

---

[2](...continued)
modifications, were enacted by that legislation. Furthermore, the statute was then limited to home-rule cities. *See id.* § 1, 1985 Tex. Gen. Laws at 738. Only in 1991 was former section 54.011, which limited the effect of section 54.012 to home-rule cities, repealed. *See* Act of May 21, 1991, 72d Leg., R.S., ch. 753, § 3, 1991 Tex. Gen. Laws 2646, 2646-47. Significantly, however, the bill analysis of the original 1985 legislation contained the following statement: "Current law allows various penalties, generally an assessment of a Class C misdemeanor fine, for violation of city ordinances but does not allow home-rule cities to bring civil actions *for violations of specific health and safety ordinances.*" HOUSE COMM. ON URBAN AFFAIRS, BILL ANALYSIS, Tex. H.B. 783, 69th Leg., R.S. (1985) (emphasis added). Thus, the history of the original legislation enacting section 54.012 seems to indicate an intent to limit the scope of item five.

## S U M M A R Y

An ordinance enacted under section 54.012(5) of the Local Government Code must be statutorily classified as a class C misdemeanor and must, in addition, be encompassed within the subject matter of subchapter B.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee